JENNER & BLOCK LLP
Amr O. Aly (N.Y. Bar No. 2812535)
919 Third Avenue
New York, NY 10022-3908
Telephone: +1 212 891 1600
Facsimile: +1 212 891 1699
aaly@jenner.com

Christopher J. Rillo (SBN 112009)
633 West 5th Street
Los Angeles, CA 90071-2054
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199
crillo@jenner.com

Attorneys for Defendants Opengear, Inc.
and Digi International, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APERTURE NET, LLC.<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>OPENGEAR, INC. and<br>DIGI INTERNATIONAL, INC.<br><br>　　　　　　　　Defendants. | Case No. 5:20-cv-03613-SVK<br><br>**DEFENDANTS OPENGEAR, INC. AND DIGI INTERNATIONAL, INC.'S ANSWER AND DEFENSES TO THE FIRST AMENDED COMPLAINT**<br><br>Date:　January 12, 2021, 9:30 AM<br>Judge:　Honorable Susan G. van Keulen |



*Figure 1 – Defendant's IM7200 Infrastructure Manager*

Defendants Opengear, Inc. and Digi International, Inc., by and through their undersigned attorneys, respond to the Amended Complaint of Plaintiff Aperture Net, LLC, as follows:[1]

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Aperture Net LLC ("Aperture" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Opengear, Inc. ("Opengear") and Digi International, Inc. ("Digi," and collectively with Opengear, "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 6,711,204 titled "Channel Sounding for a Spread-Spectrum Signal" (the '204 Patent) attached hereto as Exhibit A.

**ANSWER**: Defendants admit that Plaintiff attempts to state a claim against them for infringement of the '204 Patent. Defendants deny the remaining allegations in this paragraph.

### NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

**ANSWER**: Defendants admit that Plaintiff attempts to state a claim for patent infringement under 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271. Defendants deny the remaining allegations in this paragraph.

PARTIES

3. Plaintiff Aperture Net LLC is a company established in Texas with its principal place of business at 6205 Coit Rd., Ste 300 – 1016, Plano, TX 75024-5474.

**ANSWER**: Defendants are without knowledge or information subject to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

4. On information and belief, Defendant Opengear International, Inc. is a corporation organized and existing under the laws of Utah with a regular and established place of business at 2580 N. First Street Suite #100, San Jose, CA 95131. Defendant Opengear may be served via its registered agent Marcio Saito at 2580 N. First Street, Suite #100, San Jose, California 95131.

**ANSWER**: Admitted.

---

[1] To the extent the Amended Complaint contains any typographical errors, they are reproduced here.

5. On information and belief, Defendant Digi International, Inc. is a corporation organized and existing under the laws of Delaware with a regular and established place of business at 2580 N. First Street Suite #100, San Jose, CA 95131. Defendant Digi may be served via its registered agent CT Corporation System at 818 West Seventh Street, Suite #930, Los Angeles, CA 90017.

**ANSWER**: Admitted.

## JURISDICTION AND VENUE

6. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

**ANSWER**: Defendants admit that this Court has subject matter over claims arising under the patent laws of the United States. Defendants deny the remaining allegations in this paragraph.

7. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of California and the Northern District of California; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in this district; (3) Defendant has sought protection and benefit from the laws of the State of California; (4) Defendant regularly conducts business within the State of California and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of California and in this district; and (5) Defendant has purposely availed itself of the privileges and benefits of the laws of the State of California.

**ANSWER**: For purposes of this action only, Defendants admit that this Court has personal jurisdiction over them. Defendants deny the remaining allegations in this paragraph.

8. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of California, and the Northern District of California including but not limited to the products which contain the infringing '204 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of California and in this district; Defendant solicits and has solicited customers in the State of California and in this district; and Defendant has paying customers who are

residents of the State of California and this district and who each use and have used the Defendant's products and services in the State of California and in this district.

**ANSWER**: Defendants admit that they offer for sale and sell products in the United States, the State of California, and the Northern District of California. Defendants further admit that they solicit and have solicited customers in the state of California and in this District, and that they have paying customers who are residents of the State of California. Defendants deny the remaining allegations in this paragraph.

9. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1400(b). Defendant has regular and established places of business in this district, has transacted business in this district, and has directly committed acts of patent infringement in this district.

**ANSWER**: For purposes of this action only, Defendants admit that venue is proper in this District. Defendants deny the remaining allegations in this paragraph.

## PATENT-IN-SUIT

10. Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER**: Defendants incorporate their answers to the above paragraphs herein by reference.

11. The Patent-in-Suit teaches systems and methods for improving a spread spectrum code-division-multiple-access ("CDMA") system, using a channel sounding signal from a base station to provide initial transmitter power levels for remote stations.

**ANSWER**: Denied.

12. The invention disclosed in the Patent-in-Suit discloses inventive concepts that represent significant improvements in the art and are not mere routine or conventional uses of computer components. For instance, at the time of filing, CDMA systems suffered from poor power control. *See* Ex. A, '204 Patent, 1:21–2:5. Although various approaches existed to address power control issues, those approaches suffered from inconsistency, inefficiency, and excessive delays. *See* Ex. A, '204 Patent, 1:21– 2:5. The patent-in-suit addressed these concerns by "permit[ting] a remote power station to have knowledge, a priori to transmitting, of a proper power level to initiate transmission." *See* Ex. A, '204 Patent, 2:7-10. Further, the patent-in-suit teaches "to measure and initially correct or compensate for

Doppler shift in carrier frequency caused by the motion of the remote station." See Ex. A, '204 Patent, 2:11-13.

**ANSWER**:   Defendants admit that the '204 Patent contains the language quoted in this paragraph.  Defendants deny the remaining allegations in this Paragraph.

## ACCUSED PRODUCTS

13.   On information and belief, Defendant Digi International, Inc. acquired Defendant Opengear, Inc.[2] on December 13, 2019.  Opengear, Inc. was founded in 2004 and develops and manufactures infrastructure management products allowing customers to access securely and remotely their IT Infrastructure.  It has a regional office located in San Jose, California.

**ANSWER**:   Defendants admit that Digi International, Inc. completed its acquisition of Opengear, Inc. on December 13, 2019.  Defendants further admit that Opengear, Inc. was founded in 2004.  Defendants further admit that Opengear, Inc's product line includes products that provide the ability to securely manage, monitor, and remediate critical network components remotely.  Defendants further admit that Opengear, Inc. has an office in San Jose, California.  Defendants deny the remaining allegations in this paragraph.

14.   Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to its Opengear IM7200 Infrastructure Manager and ACM7000-L Resilience Gateway (the "Accused Products").

**ANSWER**:   Defendants admit that the Opengear, Inc. product line currently includes products known as the IM7200 Infrastructure Manager and the ACM7000-L Resilience Gateway.  Defendants deny the remaining allegations in this paragraph.

## COUNT I

**(Direct Infringement of U.S. Patent No. 6,711,204 – 35 U.S.C. § 271(a))**

15.   Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER**:   Defendants incorporate their answers to the above paragraphs herein by reference.

---

[2] See, https://www.digi.com/news/press-releases/digi-international-completes-opengear-acquisition.

1    16.    The '204 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 23, 2004. The '204 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

**ANSWER**:    Defendants admit that the issue date on the face of the '204 Patent is March 23, 2004.  Defendants deny the remaining allegations in this paragraph.

17.    Plaintiff is the owner by assignment of the '204 patent and possesses all rights of recovery under the '204 patent, including the exclusive right enforce the '204 patent and pursue lawsuits against infringers.

**ANSWER**:    Defendants are without sufficient information to ascertain the truth of the allegations in this paragraph and therefore deny them.

18.    Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the '204 Patent directly by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '204 systems and methods, in violation of 35 U.S.C. § 271.

**ANSWER**:    Denied.

19.    Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '204 Patent, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

**ANSWER**:    Denied.

20.    By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '204 Patent, including at least Claim 3. Attached hereto as Exhibits B, C and D are an exemplary claim charts detailing representative infringement of the Patent-in-Suit.

**ANSWER**:    Denied.  Defendants also deny any allegations set forth in Exhibits B, C, and D.

21.    Additionally, or in the alternative, to the extent that any part of the accused system is operated by customers, end-users and/or third parties, Defendant "uses" the accused service pursuant to 35 U.S.C. § 271(a), as Defendant puts the accused products and services into service and, at the same

time, controls the system as a whole and obtains benefit from it. Defendant provides all components in the system and controls all aspects of its functionality. Although third parties (*e.g.* wireless carriers, etc.) and end-users may have physical control over certain aspects of the accused system, Defendant retains control over how the accused system operates (*e.g.*, by having built and designed its hardware, firmware and/or software to form a spread-spectrum system from a base station and a plurality of remote stations).

**ANSWER**:   Denied.

22.   On information and belief, Defendant has accrued significant benefits from each element of the claims, and continues to do so, by utilizing Plaintiff's patented invention to develop, improve, and optimize Defendant's product. Further, such utilization has also added value to Defendant's commercial offerings.

**ANSWER**:   Denied.

## REQUEST FOR RELIEF

23.   Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a)   enter a judgment that Defendant has directly infringed one or more claims of each of the '204 Patent either literally and/or under the doctrine of equivalents;

(b)   enter a judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, and an accounting of all infringements and damages not presented at trial;

(c)   enter a judgment that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

(d)   award Plaintiff all other relief that the Court may deem just and proper.

**ANSWER**:   Defendants incorporate each of their answers to the paragraphs above herein. Defendants further admit that Plaintiff attempts to request the relief set forth in this paragraph. Defendants deny the remaining allegations in this paragraph.

## DEFENSES

Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Defendants specifically reserve all rights to allege additional defenses that become known through the course of discovery.

### FIRST DEFENSE: NON-INFRINGEMENT

Defendants do not make, use, sell, offer for sale, or import into the United States, and have not made, used, sold, offered for sale or imported into the United States any products or services that infringe any valid and enforceable claim of the '204 Patent willfully, directly, indirectly, through the doctrine of equivalents, or otherwise.

### SECOND DEFENSE: INVALIDITY AND UNENFORCEABILITY

The claims of the '204 Patent are invalid and/or unenforceable for failure to meet the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112, the requirements of the Code of Federal Regulations, as well as the general principles of patent law.

### THIRD DEFENSE: FAILURE TO STATE A CLAIM

Plaintiff fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE: FAILURE TO MARK

Upon information and belief, Plaintiff and any predecessors in interest to the '204 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise to give proper notice that Defendants' actions allegedly infringe the '204 Patent. Defendants thus are not liable to Plaintiff for the acts alleged to have been performed before Defendants received actual notice that they were allegedly infringing the '204 Patent, since any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring after the notice of infringement.

### FIFTH DEFENSE: BAR TO DAMAGES

Plaintiff's claims for damages are barred for failure to mark as required by 35 U.S.C. § 287 or give proper notice to Defendants. Defendants did not receive constructive notice of the '204 Patent because of such failure and Defendants did not receive actual notice of the '204 Patent until the initial Complaint was filed in this action. The Complaint was filed on May 29, 2020, which is after the '204 Patent expired. Thus, there are no damages in this case.

### SIXTH DEFENSE: LIMITATIONS ON PATENT DAMAGES

Plaintiff's claims for damages, if any, against Defendants for alleged infringement of the '204 Patent are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### SEVENTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent application that led to the issuance of the '204 Patent, Plaintiff's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel.

### EIGHTH DEFENSE: UNCLEAN HANDS

Plaintiff's claims against Defendants are barred under the doctrine of unclean hands.

### NINTH DEFENSE: EQUITABLE ESTOPPEL

Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrines of equitable estoppel.

### TENTH DEFENSE: IMPLIED LICENSE

Plaintiff's claims are barred, in whole or in part, by express or implied license, and/or the patent exhaustion doctrine.

### ELEVENTH DEFENSE: NONEXCEPTIONAL CASE

Plaintiff cannot prove that this is an exceptional case that would justify an award of attorney fees against Defendants pursuant to 35 U.S.C. § 285.

## TWELFTH DEFENSE: RESERVATION

Defendants reserve all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, including inequitable conduct defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor against Plaintiff and grant the following relief:

A. Judgment denying all relief sought by Plaintiff in its Amended Complaint;

B. Judgment dismissing Plaintiff's Amended Complaint with prejudice;

C. Judgment that Defendants do not infringe any claim of the '204 Patent, either directly or indirectly, literally or under the doctrine of equivalents;

D. Judgment that the '204 Patent is invalid; and

E. An award of Defendants; attorney's fees, costs, and expenses pursuant to 35 U.S.C. § 285.

F. That the Court may grant Defendants such other and further relief as it may deem just and proper.

## JURY DEMAND

Defendants demand a trial by jury on all issues triable to a jury.

Dated:  December 23, 2020                                         JENNER & BLOCK LLP

By: */s/ Amr O. Aly*
Amr O. Aly
Christopher J. Rillo

Attorneys for Defendants Opengear, Inc. and Digi International, Inc.