Kirk J. Anderson (SBN 289043)
kanderson@budolaw.com
Budo Law PC
5610 Ward Road, Suite 300
Arvada, CO
Telephone: (720) 225-9440
Facsimile: (720) 225-9331

*Attorney for Plaintiff
Aperture Net LLC*


JENNER & BLOCK LLP
Amr O. Aly (N.Y. Bar No. 2812535)
919 Third Avenue
New York, NY 10022-3908
Telephone: +1 212 891 1600
Facsimile: +1 212 891 1699
aaly@jenner.com

Christopher J. Rillo (SBN 112009)
633 West 5th Street
Los Angeles, CA 90071-2054
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199
crillo@jenner.com

*Attorneys for Defendants Opengear, Inc.
and Digi International, Inc*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APERTURE NET LLC,<br><br>  Plaintiff,<br><br>v.<br><br>OPENGEAR, INC. ET. AL.,<br><br>  Defendant. | Case No. 5:20-CV-03613-SVK<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER AS MODIFIED BY THE COURT** |

The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order pursuant to Magistrate Judge Susan van Keulen's Civil and Discovery Referral Matters Standing Order, the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9.

1. **Case Schedule**

| Event | Date |
|---|---|
| Case Management Conference | Taken off calendar ~~January 12, 2021~~ |
| Rule 26(a) Initial Disclosures | January 15, 2021 |
| Disclosure of Asserted Claims and Infringement Contentions (Patent L.R. 3-1 and 3-2) | January 15, 2021 |
| Deadline to submit Protective Order | January 29, 2021 |
| Invalidity Contentions | March 1, 2021 |
| Deadline to Amend Pleadings upon showing of good cause | March 1, 2021 |
| Exchange of Proposed Terms for Claim Construction (Patent L.R. 4-1) | March 15, 2021 |
| Exchange of Preliminary Constructions and Extrinsic Evidence (Patent L.R. 4-2) | April 5, 2021 |
| Plaintiff's Damages Contentions (Patent L.R. 3-8) | April 19, 2021 |
| Joint Statement (Patent L.R. 4-3) | April 26, 2021 |
| ADR Deadline | |
| Responsive Damages Contentions (Patent L.R. 3-9) | May 17, 2021 |
| Completion of Claim Construction | May 24, 2021 |

| | |
|---|---|
| Discovery (Patent L.R. 4-4) | |
| Deadline for Opening Claim Construction Brief (Plaintiff) | June 7, 2021 |
| Deadline for Opening/Opposition Claim Construction Brief (Defendant) | June 21, 2021 |
| Deadline for Opposition/Reply Claim Construction Brief (Plaintiff) | June 28, 2021 |
| Deadline for Reply Claim Construction Brief (Defendant) | June 28, 2021 |
| Tutorial | To coincide with Claims Construction Hearing |
| Claim Construction Hearing | July 12, 2021 or later subject to Court availability |
| Deadline for Advice of Counsel under Local Patent Rule ¶ 3-7. | 30 days after claim construction ruling |
| Close Fact Discovery | 60 days after claim construction ruling |
| Opening Expert Reports | 21 days after close of fact discovery |
| Rebuttal Expert Reports | 21 days after service of opening expert reports |
| Close of Expert Discovery | 21 days after service of rebuttal expert reports |
| Parties to engage in an initial private mediation session no later than June 30, 2021. | |
| Parties to complete Mediation no later than | 7 days after close of expert discovery |

| | |
|---|---|
| Deadline for filing Daubert and Summary Judgment motions | 14 days after close of expert discovery |
| Daubert/Summary Judgment Hearing | 35 days after filing of Daubert and Summary Judgment motions |
| Deadline for filing motions in limine | 21 days before pretrial conference |
| Deadline for submission of joint pretrial stipulation (including witness and exhibit lists), proposed joint jury instructions and verdict form, and/or proposed findings of fact and conclusions of law, as applicable | 7 days before pretrial conference |
| Pretrial Conference | Summer 2022 subject to Court availability |
| Trial Start Date | Summer 2022 subject to Court availability |
| Estimated Days for Trial | 6 |

## 2. Jurisdiction & Service

This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. The parties agree that this Court has exclusive subject matter jurisdiction over Aperture Net LLC's claims under 28 U.S.C. §§ 1331 and 1338(a). There are no issues regarding personal jurisdiction or venue, and no parties remain to be served.

## 3. Facts

### *Plaintiff*.

The Patent-in-Suit teaches systems and methods for improving a spread-spectrum code-division-multiple-access ("CDMA") system, using a channel sounding signal from a base station to provide initial transmitter power levels for remote stations.

The invention disclosed in the Patent-in-Suit discloses inventive concepts that

represent significant improvements in the art; are not mere routine or conventional uses of computer components; and were not well-understood at the time of filing. For instance, at the time of filing, CDMA systems suffered from poor power control. *See* Dkt. 15, Ex. A, '204 Patent, 1:21–2:5. Although various approaches existed to address power control issues, those approaches suffered from inconsistency, inefficiency, and excessive delays. *See* Dkt. 15, Ex. A, '204 Patent, 1:21–2:5. The patent-in-suit addressed these concerns by "permit[ting] a remote power station to have knowledge, a priori to transmitting, of a proper power level to initiate transmission." *See* Dkt. 15, Ex. A, '204 Patent, 2:7-10. Further, the patent-in-suit teaches "to measure and initially correct or compensate for Doppler shift in carrier frequency caused by the motion of the remote station." *See* Dkt. 15, Ex. A, '204 Patent, 2:11-13.

The principal facts in dispute include at least the following:

a) To what extent Opengear, Inc. and/or Digi International, Inc. directly infringed the claimed inventions;

b) The extent of Defendants' prior knowledge of the Patent-in-Suit and Defendants' infringement of the same;

c) The amount of damages arising from Opengear, Inc. and/or Digi International, Inc.'s alleged infringement.

### ***Defendants***.

Opengear, Inc., a wholly owned subsidiary of Digi International, Inc., is a manufacturer of out-of-band information technology management solutions that include the IM7200 Infrastructure Manager and ACM7000-L Resilience Gateway products identified in Plaintiff's Amended Complaint. Those products may be configured to include integrated cellular modems, and those cellular modems are what Plaintiff alleges infringe the '204 Patent. The functionality of the products separate from the cellular modems is irrelevant to Plaintiff's infringement theory.

In addition to the factual issues that Plaintiff lists above, Defendants submit that the below facts also are in dispute:

a) The investigation Plaintiff conducted before filing its original Complaint and Amended Complaint;

b) The statements to and conduct before the United States Patent and Trademark Office during the prosecution of the '204 patent.

## 4. Legal Issues

The legal issues in dispute include at least the following:

    a) Whether Defendant has infringed;

    b) The construction of asserted claims, including claims 3, 25, and 26 of the '204 patent;

    c) The damages owed, if any, by either Opengear, Inc. and/or Digi International, Inc.;

    d) Whether the '204 patent is invalid and/or otherwise unenforceable;

    e) Whether Plaintiff has a good-faith basis for alleging direct infringement of the '204 patent by Defendants; and

    f) Whether Plaintiff unreasonably delayed in filing its case against Defendants.

These articulated issues are not intended to be final or exhaustive, but rather are intended to highlight the issues the parties intend to explore in discovery.

## 5. Motions

There are currently no motions pending. Previously a motion hearing was heard on November 10, 2020 on Defendants' Motion to Dismiss under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court issued an order on December 10, 2020 granting in part and denying in part and set the Case Management Conference for January 12, 2021.

## 6. Amendment of Pleadings

Plaintiff anticipates that further amendments may be necessary to include other accused products and other infringers. Plaintiff will be able to move to amend to include these products and/or infringers only after sufficient discovery is conducted and a reasonable opportunity to depose Defendants are afforded to Plaintiff.

There is necessary discoverable information, including documents and source code, that may lead Plaintiff to become aware of additional infringing products. Plaintiff anticipates that a period of at least four (4) months will be required for the

parties to conduct reasonable discovery. Given this time frame, Plaintiff respectfully requests the deadline for filing a motion to amend the complaint to be set no sooner than March 1, 2021.

Defendant disputes that discovery, whether through depositions, documents, or source code, is necessary for Plaintiff to identify other accused products. Plaintiff's infringement theories are based solely on the existence of cellular modems that communicate using industry-standard WCDMA or 4G-LTE technology, and Plaintiff purports to establish the allegedly infringing functionality in those cellular modems using publicly available cellular industry standards documentation, not using anything specific to the Opengear products identified in the Complaint and Amended Complaint. Just as Plaintiff identified those two particular Opengear products that allegedly infringe the '204 patent using publicly available the Opengear website, Plaintiff could have and should have identified any other allegedly infringing products using publicly available websites at the time of filing its initial Complaint. Therefore, Defendants do not believe any further amendments to pleadings are warranted and will oppose any further requests by Plaintiff for leave to further amend its pleadings since Plaintiff has already filed an Amended Complaint.

## 7. Evidence Preservation

The parties confirm that the ESI meet and confer has occurred, and the Checklist items were completed. The parties agree to refrain from any destruction of documents that may be relevant to this litigation, and to cease any document destruction program of any electronic or hard copy material for employees who may have relevant documents.

## 8. Disclosures

The parties intend to file initial disclosures by no later than 2 weeks after the Case Management Conference. To the extent necessary, the parties will file a joint stipulation with the Court modifying this deadline from the default provided by Fed. R. Civ. P. 26(a)(1)(C).

### 9. Discovery

**Discovery to Date**

No formal discovery has been exchanged to date, however Plaintiff anticipates early discussion of sales of the accused products in the United States to explore whether an early resolution is possible.

**A. Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made?**

Disclosures will be exchanged on January 15, 2021. The parties have also agreed as follows:

Depositions will be limited in number to 7 per side with a limit of 7 hours per deposition.

Request for Admissions will be limited to 50 per party, with the exception of document authentication Requests for Admission.

Interrogatories will be limited to 25 per party.

The parties will enter into a tiered protective order, having classifications for documents and testimony of: "Confidential," "Highly Confidential Attorneys' Eyes Only" and "Highly Confidential Source Code," consistent with the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. The parties anticipate filing an agreed protective order with the Court.

Documents dating on or after the filing of the Complaint that are subject to a claim of attorney-client privilege, work product immunity, or other privilege or immunity do not need to be included in the parties' privilege logs. Plaintiff need not log communications with its counsel of record in earlier lawsuits involving the patent-in-suit to the extent such communications related solely the earlier lawsuit and do not concern or relate to Plaintiff's allegations against Defendant or Defendant's products.

No other changes to the standard requirements are necessary at this time.

**B. Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be**

**conducted in phases or be limited to or focused upon particular issues.**

*Plaintiff*

Plaintiff will be serving interrogatories, requests for production of documents, and requests for admissions concerning the development, marketing, practice and knowledge of the accused products, and financial data. As discussed above, much of this discovery will be comprised of ESI, for which the parties have discussed may be produced based on the use of "search terms" that may be run on Defendant's computer system.

With regard to the written discovery and depositions that Plaintiff intends on conducting, Plaintiff respectfully submits that no limitations or phases should be imposed on conducting discovery. Plaintiff respectfully submits that bifurcation of discovery is problematic, results in unnecessary discovery disputes, places too much discretionary power in the responding party, unnecessarily duplicates the discovery process, and results in needless expense.

*Defendant*

Defendants anticipate written and/or oral discovery regarding the prosecution of the '204 patent, when Plaintiff learned of Defendants' alleged infringement of the '204 patent, Plaintiff's expert technical analyses regarding the '204 patent, and licenses to Plaintiff's patents including the '204 patent.

**C. Rule 26(f)(3): Any issues relating to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. They agree to address any such issues in the event they arise.

**D. Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in the order.**

In light of the fact that disclosure of confidential information, trade secrets,

proprietary or other confidential commercial information may become necessary in this case, the parties will exchange proposed protective orders and are currently working towards submitting a proposed protective order to the Court for approval. The parties do not anticipate any issues relating to claims of privilege or of protection as to trial-preparation material. They agree to address any such issues in the event they arise.

### E. Rule 26(f)(6): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The parties do not request any other orders to be entered by the court under Rule 26(c) or Rule 16(b) or (c) at this time.

### F. (F) Rule 26(f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, including the Local Patent Rules, and what other limitations should be imposed?

Other than the agreements identified above, the parties do not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules or Local Rules at this time.

## 10. Class Actions

This case is not a class action.

## 11. Related Cases

There are currently two active cases involving the '204 patent: Aperture Net LLC v. Hughes Network Sys., LLC, 3-20-cv-00996 (S.D. Cal., filed May 29, 2020), and Aperture Net LLC v. Blackberry Corp et al., No. 3-19-cv-02315 (N.D. Tex., filed Sept. 30, 2019). Additionally, there is one related case in this District in which Plaintiff filed a voluntary notice of dismissal on 8/17/2020: Aperture Net LLC v. Advantech Corporation, 3:20-cv-02964-VC.

## 12. Relief

*Plaintiff*

Plaintiff respectfully asks the Court to:

(a) enter a judgment that Defendant has directly infringed one or more claims of

each of the '204 Patent;

(b) enter a judgment awarding Plaintiff all damages adequate to compensate it for Defendant's infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c) award Plaintiff all other relief that the Court may deem just and proper.

### *Defendants*

Defendants respectfully ask the Court to:

(a) enter a judgment that Defendants have not infringed the '204 patent;

(b) enter a judgment that the '204 patent is invalid;

(c) enter a judgment that Plaintiff did not have a good-faith basis to allege direct infringement of the '204 patent by Defendants;

(d) award Defendants all other relief that the Court may deem just and proper.

### 13. Settlement and ADR

The parties have complied with ADR L.R. 3-5 and filed the required ADR certification documents. After exchanging informal discovery, the parties may engage in settlement discussions after conducting preliminary discovery.

### 14. Consent to Magistrate Judge For All Purposes

The parties have each filed a consent or declination of magistrate judge form and all parties consent to have a magistrate judge conduct all further proceedings.

### 15. Other References

The parties are aware of no other references needed at this time.

### 16. Narrowing of Issues

Plaintiff and Defendants will serve Requests for Admission in an attempt to narrow issues and expedite the presentation of evidence at trial. (e.g., through summaries or stipulated facts). The parties are not aware of any issues that can be narrowed by agreement or by motion at this time.

**17. Expedited Trial Procedure**

The parties do not believe that this is the type of case that can be handled on an expedited bases with streamlined procedures.

**18.    The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing**

Plaintiff and Defendants believe that live testimony may be necessary at the Claim Construction Hearing. Plaintiff and Defendants contend that if the Court orders live testimony, and if there is a stay-at-home order in place at the time of the Claim Construction Hearing due to the COVID-19 pandemic, they will seek the Court's approval for presenting live testimony by electronic methods.

The parties agree that the hearing will require no more than a single day, and if there is no live testimony, a half-day should be sufficient.

**19.    How the parties intend to educate the court on the technology at issue.**

Plaintiff and Defendants request a time to present technical tutorials in order to educate the court on the technology at issue.

**20. Trial**

The parties agree the trial will be tried by a jury.

**21. Disclosure of Non-party Interested Entities or Persons**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Both parties certify that no other entities, persons, firms, partnerships, corporations, or other entities known by the party to the proceeding have a financial or another kind of interest that could be substantially affected by the outcome of the proceeding.

**22. Professional Conduct**

Counsel for Plaintiff and Counsel for Defendants certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California

| | |
|---|---|
| Budo Law PC | Jenner & Block LLP |
| */s/  Kirk J. Anderson* | */s/  Amr O. Aly* |
| Kirk J. Anderson (SBN 289043)<br>kanderson@budolaw.com<br>Budo Law PC<br>5610 Ward Road, Suite 300<br>Arvada, CO<br>Telephone: (720) 225-9440<br>Facsimile: (720) 225-9331<br><br>**Attorney for Plaintiff**<br>**Aperture Net LLC** | JENNER & BLOCK LLP<br>Amr O. Aly (N.Y. Bar No. 2812535)<br>919 Third Avenue<br>New York, NY 10022-3908<br>Telephone: +1 212 891 1600<br>Facsimile: +1 212 891 1699<br>aaly@jenner.com<br><br>Christopher J. Rillo (SBN 112009)<br>633 West 5th Street<br>Los Angeles, CA 90071-2054<br>Telephone: +1 213 239 5100<br>Facsimile: +1 213 239 5199<br>crillo@jenner.com<br><br>**Attorneys for Defendants Opengear, Inc. and Digi International, Inc** |

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: January 8, 2021

_____
UNITED STATES MAGISTRATE JUDGE